UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Connie J. Duggan,

    Plaintiff,

    v.    Case No. 1:15cv623

Towne Properties Group
Health Plan, *et al.*,    Judge Michael R. Barrett

    Defendants.

## AMENDED OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion for Class Certification. (Doc. 47). Defendant Medical Benefits Administrators, Inc. ("MedBen") has filed a Response in Opposition (Doc. 55) and Plaintiff filed a Reply (Doc. 59).

Plaintiff filed a putative class action claiming Defendant Towne Properties Asset Management, Inc., plan administrator and an ERISA fiduciary, failed to provide the plan documents to participants as required by ERISA and its regulations; and Defendant MedBen, also an ERISA fiduciary, failed to provide ERISA-compliant notice of its adverse benefit determinations to participants of plans it administers.[1] Plaintiff seeks an order

---

[1] ERISA requires a plan administrator to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant ..." 29 U.S.C. § 1133(1). The Code of Federal Regulations has developed the following specific requirements of a denial letter:

    (I) The specific reason or reasons for the adverse determination;
    (ii) Reference to the specific plan provisions on which the determination is based;
    (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

under Federal Rule Civil Procedure 23(b)(2) and 23(c) certifying two classes for equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3):

> Injunction Class (MedBen Only): All current and past participants in any ERISA-governed employee welfare benefit plan for which MedBen serves as third-party administrator.
>
> Equitable Remedy Class: All participants in any ERISA-governed employee welfare benefit plan for which Defendant Medical Benefits Administrators, Inc. ("MedBen") acted to adjudicate claims for benefits and issued at least one notification of an "adverse benefit determination" during the class period, September 25, 2009 to present.

Towne Properties does not oppose certification of the Equitable Remedy Class; and has agreed in the future to distribute plan documents to plan participants as required by ERISA.

MedBen argues class certification is not proper because (1) MedBen is not a fiduciary under ERISA; and (2) Plaintiff has not met the requirements for class certification under Federal Rule of Civil Procedure 23.

### A. <u>Fiduciary under ERISA</u>

MedBen argues no class exists because MedBen is not a fiduciary under ERISA. MedBen explains that because the Equitable Remedy Class definition requires separate merits determinations as to whether MedBen is a functional fiduciary with respect to each of the 248 plans MedBen serviced, the definition is not administratively feasible. The Court notes that the Sixth Circuit has denied certification on this basis. *See Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield*, 654 F.3d 618, 631 (6th Cir. 2011)

---

> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review . . .

29 C.F.R. 2560.503–1(g).

(certification denied because ERISA fiduciary status was a "'crucial…threshold factual issue specific to'…every class member," requiring numerous individualized determinations as to proposed class members to determine ERISA fiduciary status). However, "[t]he threshold question in all cases charging breach of ERISA fiduciary duty is whether the defendant was 'acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.'" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 552 (6th Cir. 2012) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Therefore, the Court will first determine whether MedBen was a fiduciary within the meaning of ERISA before addressing class certification.

"For the purposes of ERISA, a 'fiduciary' not only includes persons specifically named as fiduciaries by the benefit plan, but also anyone else who exercises discretionary control or authority over a plan's management, administration, or assets." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006).[2] Therefore, ERISA defines a fiduciary in "functional terms of control and authority over the plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

MedBen acts as a third-party administrator on behalf of employee welfare benefit plans. MedBen enters into a "Benefit Management Agreement" with each of its

---

[2]ERISA defines a fiduciary as follows:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan ....

29 U.S.C. § 1002(21)(A).

3

customers. (See, e.g., Doc. 40-2). The Agreement requires each MedBen customer to establish a plan bank account and to give MedBen check-writing authority over the assets in that account. (Doc. 40-2 PAGEID# 768). Healthcare providers send claims to MedBen for payment. (Doc. 40, Lori Kane Dep., PAGEID# 598). MedBen evaluates these claims, and decides whether each claim is payable. (Id., PAGEID# 599.) MedBen refers to this process as "adjudication." (Id.) MedBen then summarizes the amounts to be disbursed in a "check-run," which MedBen sends to the customer. (Doc. 47-1). After the customer confirms deposit of funds needed to cover those amounts, MedBen writes and sends the checks in order to pay the claims.

MedBen explains that where plan language is unclear or silent with regard to a benefit, MedBen contacts Towne Properties for an interpretation and proceeds in accordance with Towne Properties' instructions regarding the approval or denial of the claim. (Doc. 40, PAGEID# 599-601; Doc. 42, Caroline Fraker Dep., PAGEID# 1850-51).

Plaintiff cites a number of ways in which MedBen functioned as a fiduciary, such as paying claims and making claims determinations. However, the proper inquiry is not whether MedBen was a fiduciary in general, but whether MedBen was "acting as a fiduciary (that is, performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). Here, Plaintiff's claim is based on the allegation that MedBen "fail[ed] to provide ERISA-compliant adverse benefit determination notices." (Doc. 1, PAGEID# 10, ¶ 43).

MedBen argues that sending the notice was a ministerial function that does not give rise to fiduciary liability. An interpretive bulletin issued by Department of Labor ("DOL") explains that a fiduciary is not "a person who performs purely ministerial functions

for an employee benefit plan within a framework of policies, interpretations, rules, practices, and procedures made by other persons . . . [and] such [a] person does not have discretionary authority or discretionary control respecting management of the plan . . . ." 29 C.F.R. § 2509.75–8, Question D-2. Ministerial functions include "[p]reparation of employee communications material" and "advising participants of their rights and options under the plan." 29 C.F.R. § 2509.75–8, Question D-2.

MedBen explains that the Benefit Management Agreement expressly provides that MedBen is not a fiduciary and the customer has sole discretionary authority over the plan. (Doc. 40-2, PAGEID# 768). The Agreement also provides that the customer and/or the plan administrator "retains all authority to instruct [MedBen] on the processing of specific claims" and the plan administrator "shall have the sole responsibility for the interpretation of all Plan documents." (Doc. 40-2, PAGEID# 769). In addition, the Agreement provides that the plan administrator "shall be solely responsible for all final decisions regarding the determination of Plan benefits and eligibility and regarding claims payments, including, but not limited to, external review processes and the claims appeal processes set forth in the Plan. (Doc. 40-2, PAGEID# 777).

The Sixth Circuit has considered similar language in determining ERISA fiduciary status. *Walker v. Fed. Exp. Corp.*, 492 F. App'x 559, 565 (6th Cir. 2012) (noting that under the terms of the agreement, the contractor was not an ERISA fiduciary because the agreement did not grant discretionary authority to the contractor over the management of the plan). The court concluded that the contractor was not a fiduciary because its duties—which included mailing conversion notices and collecting biographical information—were purely ministerial in nature. *Id.* (citing *Baxter v. C.A. Muer Corp.*, 941

5

F.2d 451, 455 (6th Cir.1991) (per curiam) (noting "that a person without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits, is not a fiduciary under ERISA") and *Flacche v. Sun Life Assur. Co. of Canada*, 958 F.2d 730, 734 (6th Cir.1992) (finding that the company performed "only ministerial functions with respect to the plan" when the company merely paid claims but the company did not demonstrate that it had "discretionary control over the management of plan assets or administration of the plan").

Similarly, in *Briscoe v. Fine*, the Sixth Circuit held that a third-party administrator does not act as a fiduciary merely by determining benefits eligibility and processing claims. 444 F.3d 478, 489 (6th Cir. 2006). The court noted that under its service agreement, the third-party administrator was responsible for determining eligibility for benefits, processing claims, and assisting plan administrator in producing reports required by law. *Id.* However, the agreement provided that the employer retained final authority to determine whether a claim should be paid and was the entity to which dissatisfied employees were instructed to direct their appeal. *Id.*

The Court finds little to distinguish the functions performed by MedBen from the third-party administrator in *Briscoe*. Accordingly, MedBen was not acting as an ERISA fiduciary when it allegedly failed to provide Plaintiff with an ERISA-compliant adverse benefit determination notice.

### B. Class certification

Because the Court has concluded that MedBen was not acting as fiduciary under ERISA, it is unnecessary for the Court to address Plaintiff's arguments with regard to the

requirements for class certification under Federal Rule of Civil Procedure 23.

### C. Conclusion

Based on the foregoing, Plaintiff's Motion for Class Certification (Doc. 47) is **DENIED** as to MedBen; but **GRANTED** as to Towne Properties and the Court certifies the following class:

> All current participants in the Towne Properties Group Health Plan who, as of the filing of the complaint in this action, had not received a copy of the Plan documents, as amended, in accordance with 29 C.F.R. §2520.104b-2(a).

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                           Michael R. Barrett, Judge
                                           United States District Court