**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE J. DUGGAN, | : | Case No. 1:15-cv-623 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| TOWNE PROPERTIES GROUP | : | |
| HEALTH PLAN, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider Order on Motion to Certify Class (Doc. 63), Defendant's Memorandum in Opposition (Doc. 66), and Plaintiff's Reply memorandum (Doc. 67).

## I.  BACKGROUND

Plaintiff filed a putative class action alleging that Defendant Towne Properties Asset Management, Inc., plan administrator, failed to provide the plan documents to participants as required by ERISA and its regulations; and third-party administrator Defendant Medical Benefits Administrators, Inc. ("MedBen") failed to provide ERISA-compliant notice of its adverse benefit determinations to participants of plans it administers.  The plan itself, Towne Properties Group Health Plan, has also been named as a defendant.

Plaintiff moved under Fed.R.Civ.P. 23(b)(2) and 23(c) to certify two classes for equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3):

Injection Class (MedBen Only): All current and past participants in any ERISA-governed employee welfare benefit plan for which MedBen serves as third-party administrator.

Equitable Remedy Class: All participants in any ERISA-governed employee welfare benefit plan for which Defendant Medical Benefits Administrators, Inc. ("MedBen") acted to adjudicate claims for benefits and issued at least one notification of an "adverse benefit determination" during the class period, September 25, 2009 to present. (Doc. 47 at PageID #2197).

Defendant Towne Properties did not oppose certification, but MedBen did, arguing that (1) MedBen is not a fiduciary under ERISA; and (2) Plaintiff had not met the requirements for class certification under Federal Rule of Civil Procedure 23. (Doc. 62 at PageID # 2478). This Court concluded that MedBen was not an ERISA fiduciary, and did not certify a class for the claims brought against MedBen.[1]  (*Id.* at PageID #2482-83). Instead of appealing this Court's ruling to the Sixth Circuit, Plaintiff has filed this motion to reconsider. Plaintiff does not ask the Court to reconsider its finding that MedBen is not a fiduciary, but instead argues that fiduciary status is irrelevant to Plaintiff's ability to bring

---

[1]Because this Court held that MedBen was not an ERISA fiduciary, the Court found it unnecessary to address Plaintiff's arguments with regard to the requirements for class certification under Federal Rule of Civil Procedure 23. The Court noted that the Sixth Circuit in addressing a motion for class certification, emphasized that ERISA fiduciary status is a "crucial ... threshold factual issue specific to" each and every class member. *See Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield*, 654 F.3d 618, 631 (6th Cir. 2011). As the Sixth Circuit noted in *Pipefitters*, "[a]bsent this determination, there is no ERISA claim and, consequently, no federal subject matter jurisdiction." 654 F.3d at 631, n.5. The Court is cognizant that the issue of fiduciary status was before the Court in an odd procedural posture because it was raised in a motion for class certification and not a dispositive motion. Moreover, the Court did not dismiss the claims against MedBen for lack of jurisdiction, and raising the issue *sua sponte* in this context is disfavored. As Moore's Federal Practice explains:

[I]f a federal statute upon which a claim is premised is interpreted to be inapplicable, it could be argued that the plaintiff has failed to present a federal question and thus subject matter jurisdiction is absent. However, the courts have uniformly held that in such instances the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to [Rule 12(b)(6)] or Rule 56.

2A James W. Moore et al., Moore's Federal Practice ¶ 12.07[2.–1] (2d ed. 1994).

a claim against MedBen under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (Doc. 63 at PageID #2485).

## II. ANALYSIS

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). A motion for reconsideration generally requires a showing of "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Independent Drivers Ass'n Inc. v. Arctic Exp., Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Motions for reconsideration do not allow the losing party to raise new arguments and theories that should have been raised earlier. *Id.*; *see also Chesner v. Stewart Title Guar. Co.*, No. 1:06CV00476, 2009 U.S. Dist. LEXIS 22446, at *7-8 (N.D. Ohio 2007) ("That Plaintiffs now claim to have additional theories of liability that were never addressed previously does not, whatever the merit of such theories, establish a basis for granting reconsideration.").

Plaintiff asserts that the Court committed a clear error of law in its finding that MedBen's nonfiduciary status precluded class certification of an ERISA § 502(a)(3) claim. (Doc. 67 at PageID #2533). Plaintiff argues that both the Supreme Court and the Sixth Circuit have held that fiduciary status is not a prerequisite of claims under § 502(a)(3). As a general statement of the law, Plaintiff is correct. *See Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 244-45 (2000) ("§ 502(a)(3) admits of no limits . . . on the universe of possible defendants."); *McDannold v. Star Bank N.A.*, 261 F.3d

478, 486 (6th Cir. 2001) (". . . even nonfiduciaries can be sued under ERISA for equitable relief.").

Putting aside the merits of Plaintiff's substantive argument, the Court notes that this is the first time Plaintiff has relied on this theory. In her Complaint, Plaintiff identified MedBen as a fiduciary, and referred to the proposed class as all "participants in any ERISA-governed employee welfare benefit plan for which MedBen served as a plan *fiduciary*." (Doc. 1 at PageID #2, 8) (emphasis added). In her Motion for Class Certification, Plaintiff based her claim on MedBen's fiduciary status: "it is important to understand MedBen's functional role as a *fiduciary* with respect to the ERISA-governed plans it administers." (Doc. 47 at PageID #2199) (emphasis added); *see also* (Doc. 59 at PageID #2448) ("MedBen glosses over its central function as an ERISA administrator, disregarding its *fiduciary* role in . . . sending defective notice") (emphasis added). Nowhere in Plaintiff's pleadings does Plaintiff articulate a theory of liability based on MedBen's status as a nonfiduciary, apart from omitting any reference to fiduciary status in the proposed class definition in the Motion for Class Certification. (*Id.* at PageID #2197).

Moreover, contrary to Plaintiff's contentions in her Motion for Reconsideration, fiduciary status still matters in the analysis of many §502(a)(3) claims. Depending on the underlying alleged ERISA violation, claims against nonfiduciaries are subject to limitations and requirements that Plaintiff did not brief or acknowledge in the alternative should her fiduciary argument fail. *See, e.g., McDannold*, 261 F.3d at 486 (noting that a nonfiduciary is only liable if it "knowingly" partakes in a fiduciary's breach of ERISA § 406).

Plaintiff has effectively, through this Motion for Reconsideration, sought to re-argue her motion for class certification on alternative arguments which could have been brought in the original motion. Courts within the Sixth Circuit have denied motions for reconsideration on this basis. *See Goldson v. Fed. Home Loan Mortg. Corp.*, Case No. 2:08-cv-844, 2011 U.S. Dist. LEXIS 76304, at *2 (S.D. Ohio July 14. 2011) (denying motion for reconsideration as a "second motion for class certification."); *see also Chesner*, No. 1:06CV00476, 2009 U.S. Dist. LEXIS 22446, at *7-8 (denying motion for reconsideration of class certification where Plaintiff asserted new theories of liability not argued in the prior motions); *Pettrey v. Ent. Title Agency, Inc.*, 242 F.R.D. 384, 385-86 (N.D. Ohio 2007) (rejecting plaintiff's motion for reconsideration when the argument could have been raised during the initial motion). Therefore, Plaintiff's Motion for Reconsideration is DENIED on this basis.

Even if the Court were to address the merits of Plaintiff's new theory of liability, the Court finds that Plaintiff's theory would fail to establish that Plaintiff's class claims can be brought against MedBen.

ERISA § 502(a)(3) authorizes plan fiduciaries, beneficiaries, and administrators to bring claims "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). While the statute is clear about who may bring a claim under § 502(a)(3), it does not address which parties may be sued under § 502(a)(3).

Nevertheless, fiduciary status may be required depending on the underlying ERISA violation. In *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* an

ERISA pension plan allegedly entered into a transaction prohibited by ERISA § 406(a) with the defendant, a nonfiduciary party-in-interest. 530 U.S. at 242. The plan's fiduciaries (its trustee and its administrator) sued the defendant nonfiduciary under § 502(a)(3). *Id.* The underlying ERISA section alleged to be violated in this case—ERISA § 406(a)—is critical to understanding the dispute. ERISA § 406(a) prohibits *fiduciaries* from engaging in certain transactions between the plan and third parties. *See* 29 U.S.C. § 1106(a) ("[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect ... sale or exchange ... of any property between the plan and a party in interest."). Because ERISA § 406(a) required a fiduciary to engage in the transaction at issue, the defendant moved for summary judgment, arguing that the § 502(a)(3) action did not apply to it since it did not meet the fiduciary requirement of the underlying ERISA provision. *Harris Trust*, 530 U.S. at 243-44.

The Supreme Court held: "[w]hile § 502(a)(3) does not authorize 'appropriate equitable relief' at large, but only for the purpose of 'redress[ing any] violations or . . . enforc[ing] any provisions' of ERISA or an ERISA plan, the section admits of no limit (aside from the 'appropriate equitable relief' caveat) on the universe of possible defendants." *Id.* at 239 (quoting 29 U.S.C. § 1132(a)(3)). The Court noted that although other enforcement sections of ERISA specify who may properly be named as a defendant, § 502(a)(3) does not. *Id.* at 246. Therefore, the Court held that in a claim seeking equitable restitution for ill-gotten gains arising out of a transaction prohibited by § 406(a), a nonfiduciary party may be sued under this provision for its participation in a prohibited transaction. *Id.* at 249-251. However, to be entitled to "appropriate equitable

relief," the plaintiff must show that the nonfiduciary party "had actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Id.* at 251.

On similar facts, the Sixth Circuit in *McDannold v. Star Bank, N.A.*, held it was possible for the plaintiffs to recover against a nonfiduciary for equitable relief under § 502(a)(3). 261 F.3d at 487. However, the Sixth Circuit explained that under *Harris Trust*, there are limitations to this liability:

> Extrapolating from *Harris Trust*, the appellants argue that a party's status as a fiduciary or nonfiduciary no longer matters in determining liability under ERISA. This reading overlooks the limiting principles of that case. First, as the Court pointed out, any recovery against a nonfiduciary under § 502(a)(3) is confined to "appropriate equitable relief." *Harris Trust*, 530 U.S. at 250, 120 S.Ct. 2180. This may include, *inter alia*, restitution of wrongfully obtained plan assets or profits. This does not, however, include legal relief. *Mertens v. Hewitt Associates*, 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (holding that ERISA does not permit a cause of action against nonfiduciaries for the recovery of damages). *See also Allinder v. Inter–City Prods. Corp.*, 152 F.3d 544, 552 (6th Cir. 1998). Second, a nonfiduciary is liable only for its "knowing participation" in a fiduciary's breach. *Harris Trust*, 530 U.S. at 248, 120 S.Ct. 2180. Third, at least on the facts of *Harris Trust*, liability was premised on the nonfiduciary's role as a party-in-interest to the prohibited transaction, though the Court's rationale would seem to apply to other nonfiduciaries as well. *Id.* at 249, 120 S.Ct. 2180.

*Id.* at 486. The Sixth Circuit acknowledged that the district court did not have the benefit of the Supreme Court's decision in *Harris Trust*—which was decided after it dismissed the case. *Id.* at 486. Therefore, the court remanded the case for a determination as to whether the nonfiduciary defendants were parties-in-interest or the extent of their knowing participation in the alleged breach of fiduciary duties. *Id.* at 487.

In *Longaberger Co. v. Kolt*, the Sixth Circuit held that an ERISA plan's suit to recover plan funds from a beneficiary's attorney, who was neither a fiduciary nor beneficiary himself of the plan, was within the scope of "appropriate equitable relief"

allowed by § 502(a)(3). 586 F.3d 459, 468 (6th Cir. 2009) (abrogated on other grounds

by *Montanile v. Bd. of Trustees of Nat. Elevator Ind. Health Benefit Plan*, 136 S.Ct. 651

(2016)). *Longaberger* involved a subrogation dispute between the ERISA benefits plan

and the beneficiary's attorney. *Id.* at 463. The beneficiary was injured in car accident,

and the plan paid the beneficiary's medical expenses. *Id.* The beneficiary later received

a settlement in a personal injury action, out of which the attorney took his fees. *Id.* at 464.

However, under the terms of the plan, any funds from settlements arising out of accidents

for which the plan had paid, were to be paid back to the Plan. *Id.* at 467. In addition, the

plan language provided that the plan had a first priority lien and first priority claim over

funds recovered from third parties. *Id.* Although the beneficiary paid his portion of the

settlement back to the plan, the attorney kept his fees, and the plan filed suit to recover

under the language of the plan. *Id.* at 464. The district court found for the plan, holding

that the plan as written constituted an equitable lien on all tort recoveries arising out of

injuries for which the plan had paid. *Id.* at 464-65. The district also found that the plan

could enforce its lien under § 502(a)(3) of ERISA. *Id.*

On appeal to the Sixth Circuit, the attorney argued that since he was neither a plan

fiduciary nor beneficiary, he could not be subject to suit under § 502(a)(3). *Id.* at 467-68.

The court disagreed:

> Indeed, while other provisions of ERISA expressly identify the individuals or
> entities subject to suit, '§ 502(a)(3) makes no mention at all of which parties
> may be proper defendants[.]' Accordingly, there is no statutory barrier that
> prevents [Defendant] from being a defendant in a suit brought pursuant to
> § 502(a)(3) of ERISA, provided that the relief sought lies in equity.

*Id.* at 468 (quoting *Harris Trust*, 530 U.S. at 246).

However, Plaintiff's equitable claims are not seeking ill-gotten gains arising out of a transaction prohibited by § 406(a) or a claim for reimbursement under an ERISA-governed plan. Instead, Plaintiff's claim is predicated on a violation of 29 U.S.C. § 1133(1), which provides:

> In accordance with regulations of the Secretary, *every employee benefit plan* shall . . . provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant.

29 U.S.C. § 1133(1) (emphasis added). The applicable regulations require "the plan administrator [to] provide a claimant with written or electronic notification of any adverse benefit determination." 29 C.F.R. § 2560.503-1(g). Here, Defendant Towne Properties Asset Management Company, Inc. is the named Plan Administrator. (Doc. 40-9 at PageID #863). As such, enforcement of 29 U.S.C. § 1133(1) against nonfiduciary is not "appropriate equitable relief" under § 502(a)(3). Therefore, as an alternative basis for its ruling on Plaintiff's Motion to Reconsider, the Court concludes that Plaintiff's Motion for Class Certification should be denied as to MedBen because as a nonfiduciary, Plaintiff has no claim for relief against MedBen under § 502(a)(3).

## III.  <u>CONCLUSION</u>

For the above stated reasons, Plaintiff's Motion to Reconsider Order on Motion to Certify Class (Doc. 63) is **DENIED**.

**IT IS SO ORDERED**.

_____*/s/ Michael R. Barrett*_____
Michael R. Barrett, Judge
United States District Court